```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION

PLATINUM DISTRIBUTING, INC.                              PLAINTIFF

     v.                    Civ. No. 09-2036

CYTOSPORT, INC.                                          DEFENDANT
```

## O R D E R

Currently before the Court is the Motion to Compel Arbitration by Defendant Cytosport, Inc. (Doc. 8) and the Response in Opposition by Plaintiff Platinum Distributing, Inc. (Doc. 10). For its Motion, Defendant seeks to compel arbitration of Plaintiff's claim for violations of the Arkansas Franchise Practices Act or, alternatively, for liquidated damages. Defendant contends that arbitration is proper pursuant to the arbitration provision of the contract between the parties, which is entitled "Cytosport Company Distribution Agreement" ("Distribution Agreement"). Evaluation of Defendant's Motion requires the Court to address two issues: (1) whether the arbitration agreement between the parties is valid and (2) whether Plaintiff's claim falls within the scope of that agreement. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). Upon evaluation of these issues and for reasons recited herein, Defendant's Motion is **GRANTED**.

**1. Existence of a Valid Arbitration Agreement**

The Federal Arbitration Act ("FAA") states that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising

out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The enforceability of an arbitration agreement is governed by federal substantive law while its underlying validity is a matter of state contract law. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). Under substantive federal law, an arbitration agreement is severable from the remainder of a contract and is therefore enforceable in-and-of itself. *Id*. Thus, the validity of an arbitration agreement is analyzed separately from the underlying contract. Further, because a trial court must apply ordinary state-law contract principles to determine whether the parties have agreed to arbitrate, *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 834 (8th Cir. 1997), state-law contract defenses, including unconscionability, can invalidate arbitration agreements. *Pleasants v. American Exp. Co.*, 541 F.3d 853, 857 (8th Cir. 2008). By application of these principles, the agreement to arbitrate between Plaintiff and Defendant is enforceable.

Plaintiff contends that the arbitration agreement is invalid because it is unconscionable. As the basis for this argument, Plaintiff makes two assertions: (1) that the parties' Distribution Agreement directly conflicts with, and is contrary to, the provisions of the Arkansas Franchise Practices Act ("AFPA") and cannot be enforced and (2) that the agreement resulted from

circumstances evidencing a gross inequality in bargaining power and that Plaintiff failed to understand the arbitration provision. The Court will address these assertions.

Plaintiff contends that the AFPA renders the arbitration provision unenforceable. "A court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001). In *Arkcom Digital Corp. v. Xerox Corp.*, the Eighth Circuit Court of Appeals directly addressed whether an agreement to arbitrate could be invalidated by a limitation on contractual remedies that allegedly conflicted with the AFPA. 289 F.3d 536, 537 (8th Cir. 2002). Holding it could not, the Court stated that:

> Whether the Agreement validly limits the arbitrator's remedies for an AFPA violation does not affect the validity of the agreement to arbitrate. Rather, issues of remedy go to the merits of the dispute and are for the arbitrator to resolve in the first instance.

*Id*. at 539. Thus, by submitting to arbitration, a party does not waive the substantive rights granted under the AFPA; it merely submits to resolution of those rights in an arbitral forum. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Accordingly, application of the substantive provisions of the AFPA does not preclude arbitration.

Plaintiff further contends that arbitration is unconscionable because of inequality in bargaining power between the parties and

Plaintiff's failure to understand the agreement. The Distribution Agreement between the parties contains a choice-of-laws provision. It provides that "[t]his agreement will be construed, interpreted and enforced in accordance with the laws of the State of California, without regard to the principles of conflicts of laws." As stated, an arbitration agreement can be analyzed separately from the remainder of a contract and therefore is unaffected by the presence of a choice-of-laws provision. Further, Plaintiff has made no contention that the choice-of-laws provision in the Distribution Agreement is invalid. Thus, the Court must apply California law in order to determine whether the agreement to arbitrate is unconscionable. *See Missouri Barker v. Golf U.S.A., Inc.*, 154 F.3d 788, 791 (8th Cir. 1998).

The doctrine of unconscionability has both procedural and substantive elements. *Little v. Auto Stiegler, Inc.*, 63 P.3d 979, 983 (Cal. 2003). Procedural unconscionability, which forms the basis for Plaintiff's argument in the present case, "concerns the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United HealthCare Services, Inc.*, 83 Cal. Rptr. 2d 348, 352-53 (Cal. Ct. App. 1999). It focuses on oppression and surprise. *Little*, 63 P.3d at 983. "The oppression component arises from an inequality of bargaining power of the parties to the contract and an absence of real negotiation or a meaningful choice on the part of the weaker

party." *Kinney*, 83 Cal. Rptr. 2d at 353. "Unfair surprise results from misleading bargaining conduct or other circumstances indicating that a party's consent was not an informed choice." *Sanchez v. Western Pizza Enterprises, Inc.*, 90 Cal. Rptr. 3d 818, 834 (Cal. Ct. App. 2009). Plaintiff has failed to show procedural unconscionability in this case.

The party opposing a motion to compel arbitration must prove any facts necessary to its defense by a preponderance of the evidence. *Provencio v. WMA Securities, Inc.*, 23 Cal. Rptr. 3d 524, 526 (Cal. Ct. App. 2005). Without presenting any factual support, Plaintiff alleges that it entered the Distribution Agreement as a result of grossly inequitable bargaining power and without knowledge of the arbitration agreement's contents. "No law requires that parties dealing at arm's length have a duty to explain to each other the terms of a written contract, particularly where, as here, the language of the contract expressly and plainly provides for the arbitration of disputes arising out of the contractual relationship." *Brookwood v. Bank of America*, 53 Cal. Rptr. 2d 515, 519-20 (Cal. Ct. App. 1996). Further, a party that "assents to a contract cannot avoid its terms on the ground he failed to read it before signing it." *Izzi v. Mesquite Country Club*, 231 Cal. Rptr. 315, 319 (Cal. Ct. App. 1986). Thus, in the absence of factual support, Plaintiff's abstract allegations are insufficient to demonstrate the unconscionability of the

arbitration provision of the Distribution Agreement, and the arbitration agreement is therefore valid.

### 2. Inclusion of the Dispute in the Arbitration Agreement

Once the Court determines that an arbitration agreement is valid, it must determine whether the dispute falls within the terms of the agreement. The Supreme Court has stated that § 4 of the FAA does not confer a right to compel arbitration of any dispute at any time. Rather, it confers only the right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-75 (1989).

The dispute in the present case stems from Defendant's termination of the Distribution Agreement. The agreement states:

> Any dispute between the parties to this Agreement shall be settled by arbitration before the American Arbitration Association ("AAA") in Sebastian County, Arkansas by a single arbitrator, pursuant to the Commercial Rules of the AAA.

Plaintiff does not contend that the dispute between the parties falls outside the scope of this provision. Indeed, a dispute relating to the termination of the Distribution Agreement certainly falls within its "any dispute" language. "[T]he federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt*, 489 U.S. at 476. Accordingly, the dispute between Plaintiff and Defendant is one that is properly resolved in arbitration.

### 3. Conclusion

For the previously stated reasons, Defendant Cytosport, Inc.'s Motion to Compel Arbitration (Doc. 8) is **GRANTED**. The Court orders this case **STAYED** and the parties are instructed to submit to arbitration. This action is hereby administratively terminated, subject to being reopened upon the conclusion of the arbitration proceedings.

IT IS SO ORDERED this 30th day of June, 2009.

>   */s/ Robert T. Dawson*
>   Honorable Robert T. Dawson
>   United States District Judge